**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **MARGARET A. COLLELUORI** | : | **BANKRUPTCY NO. 04-32428(DWS)** |
| | : | |
| **Debtor** | : | |
| | : | |

**MOTION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO SELL DEBTOR'S PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, WAIVE TEN DAY TIME PERIOD UNDER BANKRUPTCY RULE 6004(g) AND REQUEST FOR EXPEDITED HEARING AND REDUCED NOTICE PERIOD**

Bonnie B. Finkel, Esquire, Trustee ("Trustee") for the Estate of Margaret A. Colleluori (the "Debtor"), by and through her counsel, Ciardi, Maschmeyer & Karalis, P.C., hereby moves this Honorable Court on an expedited basis for approval to sell the Debtor's property free and clear of all liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code and waiver of ten day time period under Bankruptcy Rule 6004(g) and in support thereof respectfully represents as follows:

**BACKGROUND**

1. On September 13, 2004, the Debtor filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code.

2. On September 14, 2004, the Trustee was appointed as Trustee of the Debtor's estate.

3. On December 9, 2004, the Court entered an Order converting the Chapter 7 case to a case under Chapter 13.

4. On January 20, 2005, the Court entered an Order reconverting the Chapter 13 case to a case under Chapter 7.

5. On January 25, 2005, the Trustee was reappointed as Trustee of the Debtor's estate

and is so acting.

6. The assets of the Debtor's estate include residential real property located in Delaware County at 457 Southcroft Road, Springfield, Pennsylvania at Parcel Number 42-00-06201-00 (the "Property").

7. The Trustee has received an offer to purchase the Property from James Githu, Esther Githu and Albert Mugo and/or their nominee (the "Purchasers") for $283,000.00 pursuant to the terms and conditions of the Agreement of Sale (the "Agreement") attached hereto as Exhibit "A" and made a part hereof.

8. To the best of Trustee's knowledge and based upon representations from the Purchasers, the Purchasers have no affiliation or are in any way associated with the Debtor.

9. The Debtor's Schedules state of value of $245,000.00 for the Property.

10. The Debtor has claimed an exemption in the equity in the Property in the amount of $18,000.00 as evidenced by the Debtor's Schedule "C."

11. The Debtor's Schedules indicate that there is a mortgage on the Property held by PHH Mortgage Services in the amount of $188,000.00. Cendant Mortgage Corporation, as successor-in-interest to PHH Mortgage Services, is owed the balance of the mortgage in the approximate amount of $191,220.00.

12. There are unpaid taxes on the Property in the approximate amount of $7,046.07 as follows:

| | | |
|---|---|---|
| A. | Transfer Tax: | $2,830.00 |
| B. | School Tax (2004-2005): | $2,108.00 |
| C. | Township/Sewer/Trash Tax (2004): | $1,124.17 |
| D. | Township/Sewer/Trash Tax (2005): | $125.99 |

E. County Tax (2004): $780.00

F. County Tax (2005): $77.91

13. The Purchasers' realtor fees in the amount of $6,100.00 must also be paid at closing.

14. The bar date set is June 7, 2005. As of the filing of this Motion, the claims docket indicates $188,237.50 in secured claims and $12,503.55 in unsecured claims.

15. The Debtor's Schedules indicate secured claims in the amount of $188,000.00 and general unsecured claims in the amount of $58,810.00.

16. The purchase price for the Property is $283,000.00. The Trustee believes that this sale will be sufficient to pay all administrative claims, secured creditors in full as well as make a distribution to the unsecured creditors.

**RELIEF REQUESTED**

17. In order for the Trustee to liquidate the Debtor's assets by selling the Property to the Purchasers, the Trustee must be able to convey this asset of the Debtor free and clear of all liens, claims and encumbrances.

18. Pursuant to Section 363 and in furtherance of the Trustee's efforts to liquidate the Debtor's assets by selling the Property to the Purchasers, the sale must be free and clear of any all, liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or her property, of any kind or nature, except environmental claims, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively the "Liens and Claims").

19. The Liens and Claims shall attach to the proceeds of sale (the "Proceeds") described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

20. The purchase offer received by the Trustee shall constitute the highest and best offer that the Debtor has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and In Re Abbots Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

21. The prompt sale of the Property free and clear of all Liens and Claims is in the best interest of the estate and is necessary in order to allow the Trustee to liquidate the Debtor's assets.

22. The authority requested by the Trustee is to obtain a court order which will:

(a) permit that the Trustee transfer the Property as set forth in the aforementioned Agreement to the Purchasers free and clear of all Liens and Claims; all valid Liens and Claims to be transferred to the fund created by said sale, for the sum of $283,000.00;

(b) waive the ten (10)day time period under Bankruptcy Rule 6004(g) and

(c) provide that a certified copy of the Order may be filed in any appropriate recording offices desired by the Trustee or the Purchasers of the aforesaid Property.

23. The Trustee believes and therefore avers that there is good and sufficient business justification for the Trustee to sell the Debtor's assets as defined in this Motion and is in the best interest of the estate for this Court to approve said Motion.

## REQUEST FOR EXPEDITED HEARING AND REDUCED NOTICE PERIOD

24. The Trustee respectfully requests that this Honorable Court schedule an expedited hearing and reduce the notice period of the hearing.

25. Concurrent with the filing of this Motion, the Trustee has served this Motion by

United States first class mail, postage prepaid, and/or electronic transmission on (i) the Office of the United States Trustee; (ii) all parties who have timely filed requests for notice under Bankruptcy Rule 2002; (iii) counsel to the Debtor and (iv) agent for the Purchasers.

26. An expedited hearing is in the best interests of the creditors and the estate.

27. The Purchasers have requested a hearing on the Motion on an expedited basis.

28. The Trustee respectfully requests a hearing on either the Seventh, Ninth or Tenth of February, 2005. The Trustee will be conducting §341(a) Meetings on February 8, 2005 and will be out of town on February 11, 2005. The Office of the United States Trustee has no objection to the proposed hearing dates.

29. The Trustee will provide immediate notice of the hearing to all of the parties identified in paragraph 25 above as well as the mailing matrix.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter Orders in the forms attached hereto (a) scheduling an expedited hearing with reduced notice period, (b) approving the sale to Purchasers free and clear of all liens, claims and encumbrances with all said liens, claims and encumbrances attaching to the estate's portion of the net proceeds of sale, (c) waiving ten day time period under Bankruptcy Rule 6004(g) and (d) for such other and further relief as this Court deems just.

**Respectfully submitted,**

**CIARDI, MASCHMEYER & KARALIS, P.C.**

By: /s/ Robert W. Seitzer

Paul B. Maschmeyer, Esquire
Robert W. Seitzer, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Trustee

Dated: January 31, 2005